| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION ONLY |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| DOMINGO LORA, | MEMORANDUM |
|---|---|
| | AND ORDER |
| Petitioner, | |
| - against - | 05 CV 4083 (JG) |
| UNITED STATES CITIZENSHIP and | |
| IMMIGRATION SERVICES, *et al.*, | |
| Respondents. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOHN GLEESON, United States District Judge:

        The government asks that I reconsider my March 29, 2007 order, in which I granted Domingo Lora's petition for naturalization following an evidentiary hearing. I assume familiarity with my April 18, 2007 opinion setting forth the facts and the reasons for my decision.

        I may reconsider a previous ruling pursuant to Local Civ. R. 6.3[1] provided "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *United States v. Billini*, No. 99 CR 156(JGK), 2006 WL 3457834, at *1 (S.D.N.Y. Nov. 22, 2006). The government argues that it has "come forward with new evidence that bears directly on the issue of [Lora's] good moral character," Respondents' Memorandum in Support of Motion for Reconsideration (Resp. Br.) 9, which was, of course, the issue presented by the government's opposition to Lora's petition, *see* 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10(a)(1). The government also argues "it would be manifestly unjust" to grant the petition because Lora

---

[1] The government has not moved pursuant to Fed. R. Civ. P. 60, presumably because no judgment has yet been entered in this case.

allegedly testified falsely at the evidentiary hearing. I disagree on both counts, and deny the motion.

First, the government offers newly uncovered evidence to refute Lora's testimony that he performed renovation work for two churches, St. Nicholas Church and Templo De Careada, in return for thousands of dollars in charitable deductions. Having investigated these claims after I granted Lora's petition, the government now contends that: (1) the pastor of St. Nicholas Church states that Lora never did renovation work beyond once helping to fix a light switch, and (2) a Department of Homeland Security officer could not locate the Templo De Careada at 120 Manhattan Avenue, the location given by Lora in a deposition and during the evidentiary hearing, after twice visiting that location and searching for the church in various "databases," including "[d]irectory assistance." Resp. Br. 6-7. This new evidence provides no basis for me to reconsider my decision to grant the petition, however, because the government has not shown the evidence was "not previously available." *Billini*, 2006 WL 3457834, at *1. Given the length at which the government challenged the paper trail of Lora's charitable contributions during his depositions and the evidentiary hearing, I conclude it had ample cause and opportunity to conduct a proper investigation into Lora's charitable contributions prior to my decision.[2]

Second, the government argues that I should reconsider my decision because its proffered evidence has cast doubt on the veracity of Lora's testimony. It contends that "[i]t would be manifestly unjust to allow Petitioner to obtain the high privilege of naturalized

---

[2] Lora points to a New York State Department of State Division of Corporations "Entity Information" sheet for a domestic not-for-profit corporation named "Templo De Adoracion 'Ed Shadai', Inc." at 142 Manhattan Avenue in Brooklyn. I have no occasion to investigate whether this entity was the one referred to by Lora.

citizenship based on false testimony." Resp. Br. 12. I disagree that such "manifest injustice" necessarily obtains in this case, however, because the proffered evidence does not demonstrate that Lora's testimony was false. Moreover, I am reluctant to permit the government to use an appeal to "injustice" as an excuse to present previously available evidence on a motion for reconsideration.

The motion for reconsideration is denied. The Clerk is respectfully directed to enter judgment accordingly, and to close the case.

So ordered.


John Gleeson, U.S.D.J.


Dated: May 22, 2007
       Brooklyn, New York